UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL SWIDLER and
JILL SWIDLER, on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

v.                                       CASE NO. 5:09-cv-181-oc-10GRJ

GEORGIA-PACIFIC GYPSUM, LLC,
a Georgia Corporation, and
84 LUMBER COMPANY, L.P.,
a Pennsylvania Corporation, and
JOHN DOE DEFENDANTS 1-50,

    Defendants.
_____/

**DEFENDANT 84 LUMBER COMPANY, L.P.'S
MOTION TO ABATE AND DISMISS PLAINTIFFS'
FIRST AMENDED CLASS ACTION COMPLAINT,
WITH INCORPORATED MEMORANDUM OF LAW**

      Defendant, 84 Lumber Company, L.P. ("84 Lumber"), by its undersigned counsel and pursuant to section 558.003 of Florida Statutes and Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves (1) to dismiss Plaintiffs' First Amended Class Action Complaint for failure to state a claim upon which relief can be granted and (2) to abate this action against 84 Lumber due to Plaintiffs' failure to comply with the notice requirements of Chapter 558 of Florida Statutes.

**ALLEGATIONS OF FIRST AMENDED CLASS ACTION COMPLAINT**

      Plaintiffs have filed suit on behalf of themselves and others similarly situated against Georgia-Pacific Gypsum, LLC ("Georgia-Pacific") and 84 Lumber, alleging negligence, negligence *per se*, strict products liability, breach of an implied warranty of merchantability, and violation of the Magnuson-Moss Warranty Improvement Act ("Magnuson-Moss"). Plaintiffs

allege that they purchased "defective drywall" from 84 Lumber and installed it in their home. They contend that the drywall "emits sulfide and/or other volatile organic chemical compounds that cause excessive corrosion of HVAC coils and refrigerator units, electrical wiring and plumbing components, and other household items, as well as creates noxious odors." (Am. Cmpl. ¶ 4). Plaintiffs seek compensatory damages, "treble, exemplary, and/or punitive damages," statutory damages, and attorneys' fees, as well as equitable, injunctive and declaratory relief arising out of alleged damage to their real and personal property.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Pursuant to Rule 12(b)(6), the Court may dismiss an action for failure to state a claim upon which relief can be granted. While that standard requires the court to construe the allegations in a complaint in the light most favorable to the plaintiff, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Rather, the plaintiff must plead <u>facts</u> sufficient "to raise a right to relief above the speculative level." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.45 (11th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).

Rule 12(b)(6) likewise authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (dismissal proper when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action"). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke*, 490 U.S. at 326-27. Where, as here, a complaint does not contain

either direct or inferential allegations with respect to every material element necessary to support liability, "a claim must be dismissed." *Id.* at 327.

## ARGUMENT

### A. Plaintiffs' Action For Negligence *Per Se* Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.

In Count I of the First Amended Class Action Complaint, Plaintiffs set forth a claim of "Negligence *Per Se*." In order to give Defendants fair notice of the grounds on which this claim rests, Plaintiffs were required to cite to a specific statute or regulation that was allegedly breached. *Gates v. W.R.Grace & Co.*, 2009 WL 1455316 (M.D.Fla. 2009). Further, Plaintiffs were required to allege that they are within the class of persons the statute was designed to protect. *Irwin v. Miami-Dade County Pub. Schs.*, 2009 WL 497652, at *4 (S.D.Fla. 2009); *cf. Mest v. Cabot Corp.*, 449 F.3d 502, 518 (3d Cir. 2006). Plaintiffs have completely failed to properly state a claim for negligence *per se* and Count I should be dismissed to the extent it alleges such a cause of action.

"A cause of action in negligence *per se* is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member, against a particular type of harm." *Newsome v. Haffner*, 710 So.2d 184, 186 (Fla. 1st DCA). In Florida, violations of two types of statutes may establish negligence *per se*. First, negligence *per se* is established by violation of a "strict liability" statute, which is "designed to protect a particular class of persons from their inability to protect themselves." *deJesus v. Seaboard Coast Line R.R. Co.*, 281 So.2d 198, 201 (1973) (citing *Tamiami Gun Shop v. Klein*, 116 So.2d 421 (Fla.1959)). Strict liability statutes comprise a narrow group of "unusual and exceptional statutes," including child labor laws and statutes prohibiting the sale of firearms to minors. *Eckelbarger v. Frank*, 732 So.2d 433, 435-36 (Fla. 2d DCA 1999).

Second, negligence *per se* may be demonstrated by violation of "any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *deJesus*, 281 So.2d at 201. The plaintiff must establish that he "suffered injury of the type the statute was designed to prevent, and that the violation of the statute was the proximate cause of his injury." *Id*. The Florida Supreme Court has held that a violation of this type of statute is considered only prima facie evidence of negligence. *Id*.

In this case, Plaintiffs fail to allege the violation of any specific statute or regulation. Instead, they generally allege that the "Defendants' actions and/or inactions as set forth herein, by virtue of violating statutes, ordinances and/or rules and/or regulations, constitutes negligence *per se*." (Am. Cmpl. ¶ 74). By failing to allege the statutory or regulatory basis for the negligence *per se* claim, Plaintiffs' have failed to give Defendants fair notice of the grounds on which this claim rests. *Gates v. W.R.Grace & Co.*, 2009 WL 1455316 (M.D.Fla. 2009) (granting motion to dismiss because of plaintiff's failure to point to a specific statute or regulation); *cf. Tatum v. Pactiv Corp., Case No.* 2:06-cv-83, 2006 WL 3543106, at *2 (M.D.Ala. Dec.8, 2006).

Moreover, Plaintiffs have failed to allege that they are within the class of persons the unidentified statues or regulations were designed to protect. *Id*.; *see also Irwin v. Miami-Dade County Pub. Schs.*, 2009 WL 497652, at *4 (S.D.Fla. 2009); *cf. Mest v. Cabot Corp.*, 449 F.3d 502, 518 (3d Cir. 2006). Consequently, this Court should dismiss Count I of the First Amended Class Action Complaint.

### B. Plaintiffs' Action For Strict Products Liability Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.

In Count II, Plaintiffs allege that "[t]his is an action for strict products liability against 84 Lumber." (Am. Cmpl. ¶ 80). In support of their strict products liability claim, Plaintiffs contend that "defective drywall installed in Plaintiffs' home . . . was manufactured by Georgia-Pacific and supplied by 84 Lumber." *Id*. at ¶ 81. The drywall at issue was not a "product" under products liability law, but rather a structural improvement to the Plaintiffs' home. The doctrine of strict liability does not apply to structural improvements to real property. Accordingly, Plaintiffs have failed to state a claim for strict products liability.

In *West v. Caterpillar Tractor Co*., 336 So.2d 80 (Fla.1976), the Florida Supreme Court adopted the doctrine of strict liability as set forth in section 402A of the American Law Institute Restatement (Second) of Torts. As summarized by the Court, "strict liability should be imposed only when a product the manufacturer[1] places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *West*, 336 So.2d at 86.

However, Florida courts have expressly declined to extend the principle of strict liability to structural improvements to real estate. *See Easterday v. Masiello*, 518 So.2d 260, 261 (Fla.1988) ("[I]t has long been recognized that the doctrine of strict products liability does not apply to structural improvements to real estate."); *Neumann v. Davis Water and Waste, Inc*., 433 So.2d 559, 560 (Fla. 2d DCA 1983), *review denied*, 441 So.2d 632 (Fla.1983) (affirming trial court's dismissal of a claim with prejudice "predicated on strict liability of [defendant] as the

---

[1]This doctrine has since been expanded "to others in the distributive chain including retailers, wholesalers, and distributors." *Plaza v. Fisher Development, Inc.*, 971 So.2d 918, 920 (Fla. 3d DCA 2007) (quoting *Samuel Friedland Family Enters. v. Amoroso*, 630 So.2d 1067, 1068 (Fla.1994)).

installer or assembler of a defective product, the treatment tank, on real estate as an integral part of the sewage facility in question").

In *Pamperin v. Interlake Companies, Inc.*, 634 So.2d 1137 (Fla. 1st DCA 1994), the court collected the line of Florida cases holding that structural improvements to real property are not generally considered products for purposes of products liability actions. *Easterday v. Masiello*, 518 So.2d 260 (Fla.1988) (jail facility); *Seitz v. Zac Smith & Co., Inc.*, 500 So.2d 706 (Fla. 1st DCA 1987) (floodlight tower); *Craft v. Wet 'N Wild, Inc.*, 489 So.2d 1221 (Fla. 5th DCA 1986) (amusement park water slide); *Neumann*, 433 So.2d 559 (sewage treatment tank); and *Edward M. Chadbourne, Inc. v. Vaughn*, 491 So.2d 551 (Fla.1986) (public road). The *Pamperin* court, relying on expert witness testimony that, "storage rack systems can be, and are, disassembled and resold and are not permanent improvements to real property," held that the storage rack system at issue in that case was a product for purposes of strict liability. *Id*. at 1140.

As can be seen from the Complaint, the drywall at issue in this case is unquestionably a structural improvement to real property. The drywall was meant to be a permanent improvement to the Plaintiffs' home and can not be disassembled and resold like the storage rack system in *Pamperin*. Consequently, the drywall at issue is not a product for purposes of applying the doctrine of strict products liability.

Furthermore, Plaintiff has not alleged that 84 Lumber was, during the relevant time, in the business of selling the drywall in question. Under Florida law, strict liability actions are "based on the essential requirement that the responsible party is in the business of and gains profits from distributing or disposing of the 'product' in question through the stream of commerce." *Johnson v. Supro Corp.*, 498 So.2d 528, 528-29 (Fla. 3d DCA 1986) (citations omitted). Quite simply, Plaintiffs have made no allegation that 84 Lumber was in the business of

and gained and profited from distributing or disposing of the drywall at issue. Accordingly, this Defendant's motion to dismiss for failure to state a claim should be granted as to Plaintiffs' product liability claim. *See e.g. Williams v. National Freight, Inc.*, 455 F.Supp.2d 1335, 1337-38. (M.D. Fla. 2006) (granting motion to dismiss where plaintiff made no allegation that defendant was a manufacturer, distributor, retailer, wholesaler, or commercial lessor of the product in question).

C.  **Plaintiffs' Action For Breach of Implied Warranty Should Be Dismissed For Failure To Allege Compliance With The UCC Statutory Notice Requirement.**

Plaintiffs' implied warranty claims are governed by the Florida Uniform Commercial Code. *Taylor v. American Honda Motor Co.*, 555 F. Supp. 59, 62 (M.D. Fla. 1983) (UCC displaced preexisting law). Section 672.607(3)(a) of Florida Statutes provides that, "[w]hen a tender has been accepted the buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . .." In *Taylor*, this Court held that "the complaint must allege compliance with § 672.607(3)(a) if it is to state a cause of action for breach of implied warranty." 555 F. Supp. at 64.

Accordingly, in order to state a cause of action for breach of implied warranty, Plaintiffs were required to allege that they provided notice to 84 Lumber in accordance with section 672.607(3)(a). Indeed, notice of the breach is an essential element of a breach of implied warranty action. *See Dunham-Bush, Inc. v. Thermo-Air Service, Inc.*, 351 So. 2d 351, 353 (Fla. 4th DCA 1977) (notice required under Fla. Stat. § 672.607(3)(a)); *Weimar v. Yacht Club Point Estates, Inc.*, 223 So. 2d 100, 104 (Fla. 4th DCA 1969); General Matters, Inc. v. Paramount Canning Co., 382 So. 2d 1262, 1264 (Fla. 2d DCA 1980) ("This notice requirement is a valid precondition of imposing liability on a seller of goods").

Here, Plaintiffs do not allege compliance with the statutory notice requirement. Accordingly, Count III should be dismissed.

**D.     Count IV Should Be Dismissed Because It Is Derivative Of Count III And Because Plaintiffs Failed To Allege Provision of a Reasonable Opportunity To Cure**

In Count IV, Plaintiffs allege that 84 Lumber is liable pursuant to 15 U.S.C. § 2310(d)(1) of Magnuson-Moss due to its alleged failure to comply with warranties implied by state law. Count IV should be dismissed because it is derivative of Count III which, as explained above, is fatally defective. Magnuson-Moss incorporates applicable state law for substantive claims. *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 323-24 (Fla. 3d DCA 2008) ("[T]he question of whether a warrantor has committed a breach of a limited express warranty under the [Magnuson-Moss] is governed by state law.") (*citing Mesa v. BMW of North America*, 904 So. 2d 450, 455 (Fla. 3d DCA 2005)); *see also Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986) ("[E]xcept in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, [Magnuson-Moss] calls for the application of state written and implied warranty law, not the creation of additional federal law."). Because this claim incorporates the implied warranty law of the State of Florida, Count IV should be dismissed for all the reasons set forth above with respect to Count III, Plaintiffs' state-law implied warranty claim.

Furthermore, Plaintiffs failed to allege that 84 Lumber was afforded a reasonable opportunity to cure any supposed failure to comply with any obligation under any warranty, as required by Magnuson-Moss. 15 U.S.C. § 2310(e). For this additional reason, Count IV should be dismissed.

### E. The Court Should Abate This Action Against 84 Lumber Because The Plaintiffs Have Failed To Comply With The Notice Requirements Of Chapter 558 Of Florida Statutes.

This Court should abate this action as to Plaintiffs' claims against 84 Lumber because Plaintiffs failed to comply with the notice requirements of Chapter 558 of Florida Statutes. Chapter 558 was enacted to institute an alternative method to resolve construction disputes in order to reduce the need for litigation. Section 558.003 provides that "[a] claimant may not file an action subject to this chapter without first complying with the requirements of this chapter," and that, "[i]f a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements."

Plaintiffs' claims against 84 Lumber are subject to the notice requirement of Chapter 558. Chapter 558 defines an "action" as "any civil action . . . for damages . . . asserting a claim for damage to or loss of real or personal property caused by an alleged construction defect . . . ." § 558.002(1), Fla. Stat. A "claimant" is defined as a "property owner . . . who asserts a claim for damages against a . . . supplier . . . concerning a construction defect." *Id.* § 558.002(3). A "construction defect" is defined as a "deficiency in, or a deficiency arising out of, the design, specifications, surveying, planning, supervision, observation of construction, or construction, repair, alteration, or remodeling of real property resulting from: (a) [d]efective material, products, or components used in the construction or remodeling . . . ." *Id.* § 558.002(4). Finally, a "supplier" is defined as "a person . . . who provides only materials, equipment, or other supplies for the construction or remodeling of real property." *Id.* § 558.002(10).

According to the allegations in their First Amended Class Action Complaint, Plaintiffs, as property owners, are "claimants" who have filed an "action" against 84 Lumber - an alleged "supplier" - for damages to real or personal property arising from an alleged "construction defect," alleged defective material.  Accordingly, Plaintiffs' claims against 84 Lumber fall within the purview of Chapter 558.  As such, Plaintiffs were required to comply with the notice requirements of Chapter 558 before filing suit.  Section 558.004(1) provides:

> In actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action … serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter.  The notice must describe the claim in reasonable detail sufficient to determine the general nature of each alleged construction defect and a description of the damage or loss resulting from the defect, if known.

Plaintiffs have failed to provide or even allege the "written notice" required by section 558.004(1).  Accordingly, this Court should abate this action against 84 Lumber.

**F.      Plaintiffs' Claims Should Be Dismissed Because They Seek Relief As To Which They Have Failed To Plead Any Factual or Legal Basis for Entitlement**

   1.    <u>Plaintiffs have requested equitable relief, but have not pled any cause of action sounding in equity.</u>

In their "Prayer for Damages," Plaintiffs request "[e]quitable, injunctive, and declaratory relief."  (Am. Cmpl. p. 19).  However, Plaintiffs have not even purported to plead any cause of action for injunction, declaratory judgment, or any other cause of action that would conceivably give rise to equitable relief.  Accordingly, this Court should dismiss the First Amended Class Action Complaint to the extent that it seeks equitable, injunctive, and declaratory relief.

2. <u>Plaintiffs' requests for disgorgement of profits and non-pecuniary damages are well beyond the scope of appropriate compensatory damages for property damage.</u>

Plaintiffs demand "[d]isgorgement of Defendants' profits from the sale of drywall" and "non-pecuniary damages." The sole factual basis for damages pled in the Complaint is damage to Plaintiffs' real and personal property. Under Florida law, the appropriate measure of damages for property damage is the cost to replace, repair, or restore the damaged property or, if the damage is permanent, the difference in the value of the property before and after the injury. <u>Am. Equity Ins. Co. v. Van Ginhoven</u>, 788 So. 2d 388, 391 (Fla. 5th DCA 2001). Plaintiffs claims for disgorgement of profits and non-pecuniary damages are well beyond the scope of permitted damages for property damage. This Court should dismiss the First Amended Class Action Complaint to the extent that it seeks such damages.

## CONCLUSION

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed. In the alternative, and/or to the extent any claims against 84 Lumber are not dismissed, this Court should abate Plaintiffs' claims for failure to comply with the notice requirement of Chapter 558 of Florida Statutes. Therefore, for the foregoing reasons, 84 Lumber respectfully requests that the Court dismiss all claims against it and/or abate this action.

Dated: September 30, 2009          Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC
SunTrust Financial Centre
401 East Jackson Street
Suite 2500
Tampa, Florida 33602
Telephone: (813) 222-8180
Facsimile: (813) 222-8189

  /s/ Jon T. Gatto                                            
Jon T. Gatto (*FL 0547328*)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of September, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that a true and correct copy of the foregoing has been furnished by electronic mail to:

| | |
|---|---|
| Brian W. Warwick, Esquire | Hardy Roberts, Esquire |
| Janet R. Varnell, Esquire | Adam Hoeflich, Esquire |
| Seth Lesser, Esquire | William Hamilton, Esquire |
| Michael D. Donovan, Esquire | Elizabeth Bevington, Esquire |

   /s/ Jon T. Gatto_____
Attorney