UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL SWIDLER and
JILL SWIDLER, **on behalf of
themselves and all others similarly
situated,**
    Plaintiffs,

vs.                                             CASE NO.: 5:09-cv-181-Oc-10GRJ

GEORGIA-PACIFIC GYPSUM, L.L.C.,
**a Delaware Corporation,**
GEORGIA-PACIFIC CANADA, INC.,
**a Foreign Corporation,**
84 LUMBER COMPANY, L.P.,
**a Pennsylvania Corporation, and**
JOHN DOE DEFENDANTS 1-50,

    Defendants.
_____/

### DEFENDANT GEORIGIA-PACIFIC GYPSUM LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT

Having once amended their complaint as of right to withdraw warranty claims against Georgia-Pacific, Michael and Jill Swidler now seek the Court's leave to reinstate them. In its July 17 motion to dismiss or abate, Georgia-Pacific demonstrated that these claims are meritless. Rather than respond to that motion, the Swidlers chose to file an amended complaint that dropped their warranty claims against Georgia-Pacific. Now, Plaintiffs seek this Court's permission to re-assert those same claims.

This Court should deny the Swidlers leave to file their proposed Second Amended Complaint. Although Fed. R. Civ. P. 15(a)(2) instructs district courts to permit amendment

freely "when justice so requires," it is always proper to deny leave where, as here, the proposed amendment would be futile as a matter of law. *See Motorcity of Jacksonville, Ltd. v. Southeast Bank, N.A.*, 83 F.3d 1317, 1323 (11th Cir. 1996) (en banc), vacated on other grounds by *Hess v. FDIC*, 519 U.S. 1087 (1997) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Citing the Local Rules, this Court's recent scheduling order explained that "[m]otions to amend any pleading . . . after issuance of this Case Management and Scheduling Order are disfavored." (Order, Oct. 15, 2009 (citing Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D).) Plaintiffs offer no compelling reason to overcome this presumption. Allowing the Swidlers' proposed amendment would unnecessarily burden the Court and Georgia-Pacific with another round of briefing to challenge claims that not only have no merit but which Plaintiffs previously abandoned when faced with a motion to dismiss.[1]

## BACKGROUND

The Swidlers' initial class-action Complaint in this matter brought four breach of warranty claims against Georgia-Pacific, as manufacturer, and 84 Lumber, as distributor, of ToughRock-brand drywall.[2] Specifically, the Swidlers claimed that Georgia-Pacific was liable for (1) "breach of the implied warranty of merchantability under the common law and/or Florida Statute §672.314," Compl. ¶ 66; (2) breach of an implied warranty of fitness for a particular purpose, *id.* ¶¶ 78, 82–83; (3) breach of an express warranty, *id.* ¶¶ 94–101; and (4) breach of duty under the Magnuson-Moss Warranty Improvement Act, *id.* ¶¶ 113-118, which creates a federal cause of action for certain violations of state warranty law.

---

[1] Georgia-Pacific does not oppose allowing Plaintiffs to amend their complaint to (1) drop their negligence *per se* claim and (2) replace Georgia-Pacific Canada, Inc. with Georgia-Pacific Canada ULC, provided that Plaintiffs do not intend to assert their meritless and previously abandoned warranty claims against any Georgia-Pacific affiliate. Plaintiffs also seek leave to add "Georgia-Pacific Corp." as a defendant, but there is no such corporate entity.

[2] The initial Complaint also included a claim under the Florida Deceptive and Unfair Trade Practices Act, which was dropped in the First Amended Complaint.

2

Georgia-Pacific responded with a motion to dismiss or abate the Complaint, arguing that Plaintiffs' warranty claims did not satisfy Florida's privity requirement. Because the Swidlers claimed to have bought their drywall from 84 Lumber, the distributor, Florida law does not permit warranty claims against Georgia-Pacific. (Georgia-Pacific's Mot. to Dismiss, at 2–5, July 17, 2009.) Plaintiffs' claim based on the Magnuson-Moss Warranty Improvement Act, which incorporates the limitations of state warranty law unless specifically supplanted by a provision of the Act, failed for the same reason. (*Id.*)

Rather than respond to Georgia-Pacific's privity argument, the Swidlers elected to amend the Complaint, removing their Magnuson-Moss and implied warranty of merchantability counts against Georgia-Pacific and dropping altogether their express warranty and implied warranty for a particular purpose counts. (Am. Compl. ¶ 87 (bringing a claim "against 84 LUMBER for breach of the implied warranty of merchantability," but omitting Georgia-Pacific); *id*. ¶ 101 (asserting a Magnuson-Moss claim because "84 LUMBER breached its implied warranty of merchantability" but making no such allegation against Georgia-Pacific).)

Now, long after Georgia-Pacific moved to dismiss the initial Complaint and, later, answered the First Amended Complaint, the Swidlers seek leave to reinstate their previously discarded warranty claims. (Mot. for Leave ¶ 8; Proposed Second Am. Compl. ¶¶ 87, 102.)

## ARGUMENT

Only with leave of court may plaintiffs amend their complaint after a responsive pleading has been served. Fed. R. Civ. P. 15(a). This Court should deny the Swidlers' motion to amend because they seek to assert doomed claims which, having already been shown to be futile, will do nothing but burden Georgia-Pacific with filing another motion to dismiss.

It is well established that leave to amend should be denied where the change plaintiffs seek is futile. *Motorcity of Jacksonville,* 83 F.3d at 1323. This Court has denied leave to amend on precisely this ground. *Estate of Duckett v. Cable News Network LLLP (CNN)*, No. 5:06-CV-0444, 2007 U.S. Dist. LEXIS 51114 (M.D. Fla. July 16, 2007) ("justice does not require" allowing a plaintiff to add a futile claim); *Schoch v. Dade City Retirement Housing, Inc.*, 124 F.R.D. 688, 691 (M.D. Fla. 1988) (leave to add defendants inappropriate when the statute of limitations had run).

The Swidlers' attempt to renew their warranty claims against Georgia-Pacific is unavailing. Georgia-Pacific's motion to dismiss demonstrates why these claims are barred as a matter of law. As its motion explained:

1. Apart from statutory exceptions not relevant here, Florida law permits warranty actions only between those in privity—that is, between buyer and seller. (Mot. to Dismiss at 2–3.) *See T.W.M. v. American Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995).

2. Magnuson-Moss claims for breach of implied warranty are subject to the same privity requirement, because they depend upon the requirements of Florida law. (Mot. to Dismiss at 4–5.) *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 325 (Fla. Dist. Ct. App. 2008) ("The MMWA does not supplant state law privity requirements for implied warranty claims.").

3. The Swidlers do not, and cannot, allege privity with Georgia-Pacific; rather they claim to have bought their drywall from 84 Lumber. (Compl. ¶¶ 69, 74; Am. Compl. ¶¶ 30–32.)

4. Therefore, no warranty claim will lie against Georgia-Pacific.

Rather than respond to these arguments, the Swidlers filed an amended complaint that dropped all warranty claims against Georgia-Pacific.  Now, they seek leave to amend to re-assert them, making no effort to demonstrate that these claims could overcome the arguments made in Georgia-Pacific's motion to dismiss.  *See Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) ("Clearly, if a complaint as amended is subject to dismissal, leave to amend need not be given."), abrogated on other grounds by *Todorov v. DCH Healthcare Auth.*, 921 F.2d 1438 (11th Cir. 1991).

Plaintiffs claim that their proposed amended complaint merely "clarifies that the breach of warranty claim is also asserted against the Georgia-Pacific entities." (Mot. for Leave ¶ 8.)  That is not a plausible reading of the pleadings.[3]  Plaintiffs previously acknowledged that the First Amended Complaint dropped the warranty claims against Georgia-Pacific.  In a short filing arguing that Georgia-Pacific's motion to dismiss was moot, Plaintiffs provided a description of the changes in the First Amended Complaint, which included that Plaintiffs were "specif[ying] that certain claims are against only one Defendant."  (Pls.' Resp. to Def.'s Mot. to Dismiss, Aug. 31, 2009.)  This statement relates to the warranty claims against 84 Lumber that were dropped against Georgia-Pacific.  If the First Amended Complaint had asserted warranty claims against Georgia-Pacific, Georgia-Pacific would have moved to dismiss them on privity grounds, as it did against the original Complaint.  Georgia-Pacific should not be required to file another motion to dismiss now, nearly seven months after Plaintiffs first filed suit, and four months after Georgia-Pacific filed its first motion to dismiss, to address these same claims.

---

[3] Where Plaintiffs intended to assert claims against both defendants, they noted this in the caption of the Count. (First Am. Compl. at 12, 15.)  Count III of the First Amended Complaint, the breach of implied warranty of merchantability claim, is described as being "Against 84 Lumber" only. (*Id.* at 16.)  The Magnuson-Moss claim, which does not mention either defendant in its caption, alleges a breach by 84 Lumber, but not Georgia-Pacific. (*Id.* ¶ 101.)

5

**CONCLUSION**

Because Florida law bars Plaintiffs' proposed warranty claims, allowing the Swidlers to re-assert them would do little other than burden Georgia-Pacific by forcing it to brief and file a new motion to dismiss. That is not what justice requires. For the foregoing reasons, Georgia-Pacific respectfully requests that this Court deny leave to amend insofar as the Swidlers seek to re-assert their previously abandoned warranty claims.

Respectfully submitted,

/s/ Adam L. Hoeflich
Adam L. Hoeflich (admitted *pro hac vice*)
Carolyn J. Frantz (admitted *pro hac vice*)
Andrew C. Baak (admitted *pro hac vice*)
Martha M. Pacold (admitted *pro hac vice*)
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:  312-494-4400
Facsimile:  312-494-4440
adam.hoeflich@bartlit-beck.com
carolyn.frantz@bartlit-beck.com
andrew.baak@bartlit-beck.com
martha.pacold@bartlit-beck.com
*Trial Counsel for Defendant Georgia-Pacific Gypsum LLC*

William F. Hamilton
Florida Bar No. 379875
Elizabeth L. Bevington
Florida Bar No. 503339
HOLLAND & KNIGHT LLP
100 N. Tampa St., Suite 4100
Tampa, FL  33602
Phone: 813-227-8500
Fax: 813-229-0134
william.hamilton@hklaw.com
elizabeth.bevington@hklaw.com
*Counsel for Defendant Georgia-Pacific Gypsum LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Brian W. Warwick, Esquire
Janet R. Varnell, Esquire
Varnell & Warwick, P.A.
20 La Grande Blvd.
The Villages, FL  32159
bwwarwick@aol.com
*Counsel for Plaintiffs*

John G. Ebken
S. Manoj Jegasothy
Buchanan, Ingersoll & Rooney, PC
1 Oxford Ctr – 20th Flr
301 Grant Street
Pittsburgh, PA 15219-1410
john.ebken@bipc.com
manoj.jegasothy@bipc.com
*Counsel for Defendant 84 Lumber Company, L.P.*

Michael D. Donovan, Esquire
Donovan Searles, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
mdonovan@donovansearles.com
*Counsel for Plaintiffs*

Jon Taylor Gatto
Samuel W. Braver
Buchanan, Ingersoll & Rooney, PC
Suite 2500
401 E. Jackson Street
Tampa, FL 33602-5236
jon.gatto@bipc.com
samuel.braver@bipc.com
*Counsel for Defendant 84 Lumber Company, L.P.*

Seth Lesser, Esquire
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
seth@klafterolsen.com
*Counsel for Plaintiffs*

s/ Andrew C. Baak